IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


GALE ROUZER,                          :
                                      :
        Petitioner                    :
                                      :    CIVIL NO. 4:07-CV-0603
                                      :
     v.                               :    Hon. John E. Jones III
                                      :
DAVID DIGUGLIELMO, *et al.*,          :
                                      :
        Respondents                   :


## MEMORANDUM

July 1, 2010

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Petitioner Gale Rouzer ("Petitioner" or "Rouzer"), an inmate presently

confined at the Green Rock Correctional Center in Chatham, Virginia, commenced

this *pro se* action by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant

to the provisions of 28 U.S.C. § 2254 in the United States District Court for the

Eastern District of Pennsylvania.  (*See* Doc. 1-2.)  At the time of filing, Rouzer was an

inmate at the Graterford State Correctional Institution ("SCI-Graterford") in

Graterford, Pennsylvania.  Because Rouzer challenges his 2002 conviction in the

Fulton County Court of Common Pleas, located in the Middle District of

Pennsylvania, by Order dated February 22, 2007, the case was transferred to this

Court.  (*See* Doc. 1-6.)  For the reasons set forth below, the Petition will be denied.

**PROCEDURAL BACKGROUND**

**I.     Criminal Conviction in State Court**

The background of Rouzer's conviction in the Fulton County Court of Common Pleas was summarized by the Pennsylvania Superior Court in its Memorandum Opinion affirming the denial of Rouzer's first petition filed under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 *et seq.*:

> On July 29, 2002, Appellant [Rouzer] entered a negotiated nolo contendere plea to three counts of involuntary deviate sexual intercourse and one count of corruption of minors.  These convictions were the result of Appellant's conduct toward his three step-daughters over a several year period.  He was sentenced to an aggregate term of fifteen to forty-five years of incarceration for the involuntary deviate sexual intercourse convictions and a concurrent five-year probationary term for corruption of minors.  This sentence was negotiated between the Commonwealth and Appellant and was accepted by the trial court as part of the plea agreement.  No direct appeal was filed.

(Doc. 9 at 63[1], 11/10/05 Pa. Super. Ct. Op.)

**II.    PCRA Proceedings**

**A.     First PCRA Petition**

On or about November 22, 2002, Rouzer filed his first PCRA petition *pro se*.

---

[1]Citations to page numbers refer to the page number on the CM/ECF electronic record.

(*See id.* at 64.)  Following the appointment of counsel, an amended petition was filed. In his amended petition, Rouzer asserted that his trial counsel was ineffective in the following respects: 1) for failing to meet and talk to several exculpatory witnesses regarding the allegations filed against him; 2) for failing to file a motion to disqualify the district attorney due to a conflict of interest; and, 3) for failing to advise Rouzer of his rights to file post-trial motions or a direct appeal to the Pennsylvania Superior Court.  (*See id.* at 54, 7/29/04 1st PCRA Opinion.)  Following a hearing at which both trial counsel and the alleged exculpatory witnesses testified, in an Opinion and Order dated July 29, 2004, the PCRA Petition was denied.  (*See id.* at 54-62.)

On a counseled appeal to the Pennsylvania Superior Court from the denial of his first PCRA petition, Rouzer raised the first two (2) issues that he had raised in his PCRA petition.  (*See id.* at 64-65, 11/10/05 Pa. Super. Ct. Op.)  In an Opinion dated November 10, 2005, the Pennsylvania Superior Court affirmed the denial of Rouzer's first PCRA petition by the lower court.  (*See id.*)  On May 31, 2006, the Pennsylvania Supreme Court denied Rouzer's Petition for Allowance of Appeal.  (*See id.* at 73, 5/31/06 Pa. Order.)

## B.    Second PCRA Petition

While his appeal to the Pennsylvania Superior Court from the denial of his first PCRA petition was pending, Rouzer filed a second PCRA petition, which the PCRA

3

court denied by Order dated May 4, 2005 because of the pending appeal. (*See id.* at 4-5 ¶ 11(b)(6), (7).) According to the Response filed in the instant action, in this second PCRA petition, Rouzer raised the following issues:

> (i) imposition of sentence greater than lawful maximum, sentence is excessive, and my lawyer did not raise this issue

> (ii) miscarriage of justice, error of law, abuse of discretion

(Doc. 9 at 4 ¶ 11(b)(3).) The Response further states that, in his accompanying brief, Rouzer "also alleged that the trial and first PCRA counsel failed to raise issues relative to sentencing in that the court (iii) failed to recite the sentencing guidelines on the record, and (iv) improperly considered the age of the victims and their relationship to defendant (stepdaughters) as factors for imposing sentence." (*Id.*)

Although Rouzer filed an appeal to the Pennsylvania Superior Court following the denial of his second PCRA petition, which was docketed at Number 898 MDA 2005, on November 17, 2005, he filed a "Motion to Quash/Discontinue" his appeal, and the appeal was discontinued by Order dated January 27, 2006. (*Id.* at 4-5 ¶ 11(b)(7).)

## C. Third PCRA Petition

On October 24, 2006, Rouzer filed his third PCRA petition. (*See* Doc. 23 at 3, 8/13/07 Pa. Super. Ct. Op., 2019 MDA 2006.) According to the Response filed in the instant action, Rouzer raised the following issues:

> (i) trial court erred in not suppressing statement

(ii) elements of crimes were not established at [plea] colloquy

(iii) statute of limitation expired on most charges

(iv) prosecutor made comments during colloquy of evidence not of record

(v) sentencing court erred in pronouncement of sentence

(vi) all [of the above] under counsel's ineffectiveness

(Doc. 9 at 5 ¶ 11(c)(3).) Rouzer raised the following additional issue in a subsequent amendment to his petition: "a lifetime registration requirement under Megan's Law was imposed on the Defendant without a Sexually Violent Predator hearing." (*Id.*)

By Order dated November 3, 2006, the PCRA court denied Rouzer's third PCRA petition on the basis that he had "not alleged manifest injustice, as required by *Commonwealth v. Lawson*, 549 A.2d 107 (Pa. 1988)."[2] (*See* Doc. 9 at 74, 11/3/06 PCRA Court Order.) Rouzer timely filed an appeal to the Pennsylvania Superior Court on November 16, 2006. (*See* Doc. 23 at 3, 8/13/07 Pa. Super. Ct. Op., 2019 MDA 2006.) In disposing of his appeal, the Pennsylvania Superior Court first considered whether Rouzer's third PCRA petition was timely filed. (*See id.*) The Court began by determining that, because 42 Pa. Cons. Stat. § 9545(b)(1) requires that "any PCRA petition, including a second or subsequent petition, must be filed within

---

[2]In *Lawson*, the Pennsylvania Supreme Court concluded that "a second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Lawson*, 549 A.2d at 112.

one year of the date that the petitioner's judgment of sentence becomes final," and Rouzer's third PCRA petition was filed nearly four (4) years after his judgment of sentence became final, it was patently untimely. (*See id.* at 4.) However, the Court considered whether Rouzer had successfully argued an exception to the timeliness requirement in the following discussion:

> In his PCRA petition, Appellant [Rouzer] attempted to circumvent the timeliness requirement by raising an 'equitable tolling' argument; Appellant claimed that the pendency of his previous PCRA petitions and federal *habeas corpus* petitions should be 'excluded' from the one-year timeliness requirements. This argument is flatly contrary to the law of this Commonwealth and cannot circumvent the timeliness requirement of the PCRA. [*Commonwealth v.*] *Davis*, 916 A.2d [1206, ] [ ] 1208 [(Pa. Super. Ct. 2007)]. In addition to this argument, Appellant also asserts on appeal that his PCRA was untimely due to governmental interference. As this argument was not presented in his PCRA petition, it is waived. *See Commonwealth v. Anderson*, 788 A.2d 1019, 1021 (Pa. Super. 2001).

(*See id.* at 4-5.) The Court concluded that Rouzer had not successfully argued that an exception to the timeliness requirement applied, his petition was untimely, and therefore, it did not reach the issues presented by Rouzer on appeal and affirmed the PCRA court's denial of Rouzer's third PCRA petition. (*See id.* at 5.) A check of the Pennsylvania Supreme Court dockets shows that Rouzer did not file a Petition for Allowance of Appeal.

## III.  Petition for Writ of Habeas Corpus

Rouzer filed the instant Petition under the provisions of 28 U.S.C. § 2254 with

the United States District Court for the Eastern District of Pennsylvania on January 22, 2007. (*See* Doc. 1-2.) Following the transfer of Rouzer's Petition from the Eastern District of Pennsylvania, on April 20, 2007, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), this Court issued a formal notice to Rouzer that he either could have his petition ruled on as filed, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. 2.) On May 1, 2007, Rouzer returned his Notice of Election indicating that he chose to have the Court rule on the petition as filed. (Doc. 3.) Therefore, by Order dated May 11, 2007, service of the Petition was directed. (Doc. 4.) A Response to the Petition was filed on June 1, 2007. (Doc. 9.) Following a request for an extension of time, which was granted, Petitioner filed a Reply on June 21, 2007. (Doc. 15.)

Prior to the filing of a Response to the Petition, on May 17, 2007, Rouzer filed a Motion to Stay the proceedings. (Doc. 6.) In his Motion, Rouzer indicated that his appeal from the denial of his third PCRA petition was pending in the Pennsylvania Superior Court. (*See id.* ¶ 5.) Accordingly, he requested that the proceedings in this case be stayed until he exhausted his remedies in the state courts. (*See id.* ¶ 6.) However, on August 24, 2007, Petitioner wrote a letter to the Court in which he

indicated that the Pennsylvania Superior Court had affirmed the denial of his third PCRA petition, thereby disposing of his appeal. (*See* Doc. 17.) Rouzer further stated that, in its opinion, the Pennsylvania Superior Court stated that his third PCRA petition was untimely. (*See id.*) This Court confirmed that the Pennsylvania Superior Court had disposed of Rouzer's appeal by checking the electronic docket at 2019 MDA 2006, which shows that on August 13, 2007, the PCRA Court's November 7, 2006 Order denying Rouzer's third PCRA petition was affirmed.[3] (*See* Doc. 18.) Accordingly, Rouzer's Motion to Stay was denied as moot. (*See id*.) On November 16, 2009, Rouzer filed a copy of the Pennsylvania Superior Court's Memorandum Opinion in response to this Court's November 4, 2009 Order directing that the parties supplement the record by filing a copy of the Opinion. Accordingly, the Petition is fully briefed and ripe for review.

**STANDARDS OF REVIEW**

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a state prisoner to challenge the "fact or duration" of his confinement.

---

[3]The electronic docket is available at http://ujsportal.pacourts.us/docketsheets/appellate.aspx, by searching for docket number 2019 MDA 2006.

*Preiser v. Rodriguez,* 411 U.S. 475, 498-499 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle,* 502 U.S. at 67-8; *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Johnson v. Rosemeyer,* 117 F.3d 104 (3d Cir. 1997).

As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), (c); *Cone v. Bell,* - - - - U.S. - - - - , - - - - , 129 S. Ct. 1769, 1780 (2009); *Rose v. Lundy*, 455 U.S. 509, 515-20 (1982); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993); *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition . . . ." *Santana v. Fenton*, 685 F.2d 71, 77 (3d Cir. 1982).[4] The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and

---

[4]Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, *Mayberry v. Petsock*, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994); *Schandelmeier v. Cunningham*, 819 F.2d 52, 55 (3d Cir. 1986).

correct any violations of a prisoner's federal rights." *Gibson*, 805 F.2d at 138.

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process."[5] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir. 2004). The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition. *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding. *Id.* However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples*, 489 U.S. 346, 350 (1989). The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000) (citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d. Cir. 1997)).

The above rule requires a federal court to dismiss without prejudice habeas

---

[5]Pursuant to Pennsylvania Supreme Court Order 218, effective May 9, 2000, issues presented to the Pennsylvania Superior Court are considered exhausted for the purpose of federal habeas corpus relief under Section 2254. *See In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases,* No. 218, Judicial Administration Docket No. 1 (May 5, 2000) (per curiam).

petitions that contain any unexhausted claims. *Slutzker v. Johnson,* 393 F.3d 373, 379 (3d Cir. 2004). For claims that were not fairly presented to the state court, but for which "further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility," *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir. 2001). Although futile claims are deemed exhausted for federal habeas purposes, such claims are also procedurally defaulted; federal courts are not permitted to evaluate the merits of procedurally defaulted claims unless the petitioner "establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse [the] default." *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *see also Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991). To demonstrate "cause" for a procedural default, the petitioner must show that "'some objective factor external to the defense ... impeded [his or her] efforts to comply with the [state] procedural rule.'" *Leyva v. Williams,* 504 F.3d 357, 366 (3d Cir. 2007) (quoting *Slutzker,* 393 F.3d at 381); *Murray v. Carrier,* 477 U.S. 478, 488 (1986). The petitioner may demonstrate prejudice by establishing the existence of errors that "worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions." *Murray,* 477 U.S. at 494. Finally, a federal court may excuse procedural default when its failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger,* 266 F.3d at 224.

The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998).

## DISCUSSION

Rouzer raises the following four (4) grounds for relief in the instant Petition:

**(1)** Rouzer's *nolo contendere* plea was unlawfully induced without knowledge and without voluntary consent; specifically, Petitioner did not understand that elements had to be proven which were not proven, making the pleas invalid, including the charges where the statute of limitations had expired (Doc. 1-2 at 9 ¶ 12A);

**(2)** Rouzer's trial counsel was ineffective in the following respects:

    (a) counsel did not speak to exculpatory witnesses;

    (b) counsel did not seek to disqualify the District Attorney or the trial court judge;

    (c) counsel did not object to the prosecutor's comments of evidence not of record;

    (d) counsel did not file an appeal regarding the sentencing issues; and

    (e) counsel did not seek relief on "the evidentiary issue" (*Id.* ¶ 12B);

**(3)** Rouzer's trial counsel was ineffective in failing to perform any research or to prepare a defense (*Id.* ¶ 12C); and

**(4)** Rouzer's trial counsel was ineffective in failing to seek leave to

enter a plea conditioned upon his right to appeal the decision on Defendant's motion to suppress his confession (*Id.* ¶ 12D; Doc. 9 at 9 ¶ 12D, Response; Doc. 9 at 163, Commonwealth's Brief on Appeal from Denial of Third PCRA Petition).

As more fully explained below, the only issues exhausted by Rouzer are Ground 2, sub-issue a, where Rouzer alleges that his trial counsel was ineffective for failing to speak to exculpatory witnesses, and the portion of sub-issue b alleging that trial counsel was ineffective for failing to seek to disqualify the District Attorney. These issues were raised in Rouzer's first PCRA petition and on appeal from the denial of that petition to the Pennsylvania Superior Court. Therefore, these issues are fully exhausted.[6] The remaining sub-issues within Ground 2, and the remaining grounds, are procedurally defaulted, as explained below.

## I.    Unexhausted Issues- Grounds 1, 2b (in part), 2c, 2d, 2e, 3, and 4

The following grounds in the instant Petition contain claims that were raised by Rouzer in his third PCRA petition: his plea was unlawfully induced without his knowledge and voluntary consent (Ground 1)[7]; trial counsel was ineffective for failing

---

[6]*See* Pennsylvania Supreme Court Order 218, *supra* note 5.

[7]Rouzer raised the following issues in his third PCRA petition that correspond to Ground 1 raised here: "ii- elements of crimes were not established at [plea] colloquy and iii- statute of limitation expired on most charges." (*See* Doc. 9 at 5 ¶ 11(c)(3).)

to object to the prosecutor's comments that were not of record (Ground 2c)[8]; trial

counsel was ineffective for failing to appeal regarding "the sentencing issues"

(Ground 2d)[9];  trial counsel was ineffective because he did not seek relief on "the

evidentiary issue" (Ground 2e)[10]; and trial counsel was ineffective because he "failed

to seek conditional plea to pursue evidentiary issue on appeal, which suppression of

statement should have been had" (Ground 4)[11].  Because Rouzer's third PCRA petition

was denied as untimely, and the Pennsylvania Superior Court affirmed that denial,

these issues are unexhausted.

In addition, the issues raised by Rouzer in Ground 2b, that his trial counsel was

ineffective for failing to seek to disqualify the trial judge in his state court

proceedings, and in Ground 3, that trial counsel was ineffective for failing to do any

research and prepare a defense, are raised for the first time in the instant Petition, and

---

[8]Rouzer raised the following issue in his third PCRA petition that corresponds to Ground 2c here: "(iv) prosecutor made comments during colloquy of evidence not of record." (*See* Doc. 9 at 5 ¶ 11(c)(3).)

[9]Rouzer raised the following issues in his third PCRA petition that correspond to Ground 2d here:"(iv) sentencing court erred in pronouncement of sentence" and "(v) all [of the above] under counsel's ineffectiveness." (*See* Doc. 9 at ¶ 5 11(c)(3).)

[10]Rouzer raised the following issue in his third PCRA petition that corresponds to Ground 2e here: trial counsel was ineffective for failing to pursue an appeal from the trial court's decision to deny Rouzer's motion to suppress his confession. (*See* Doc. 9 at 163, Commonwealth's Brief on Appeal.)

[11]Ground 4 is an elaboration of the issue set forth in Ground 2e.  As stated in note 10 *supra*, the issue was raised in Rouzer's third PCRA petition.

therefore are unexhausted.

If Rouzer still could present the above issues to the state courts, the instant Petition would be dismissed without prejudice to his right to pursue them through a PCRA petition. However, as observed by the Pennsylvania Superior Court in affirming the denial of Rouzer's third PCRA petition, the time for presenting these issues to the state courts in a PCRA petition has long expired. *See* 42 Pa. Cons. Stat. § 9545(b)(1).

It is well-established in Pennsylvania state courts that the time limitations set forth in the PCRA are jurisdictional. *Commonwealth v. Fahy,* 737 A.2d 214 (Pa. 1999); *Commonwealth v. Banks*, 726 A.2d 374, 376 (Pa. 1999); *Commonwealth v. Peterkin*, 722 A.2d 638, 641 (Pa. 1998). "Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute. Thus, the filing period is only extended as permitted; in the case of the PCRA, the time limitations are extended where a petitioner demonstrates that one of the following exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

15

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. Cons. Stat. § 9545(b)(1)(I)-(iii).  As observed by the Pennsylvania Superior Court in affirming the denial of his third PCRA petition, Rouzer has not demonstrated that any of the above exceptions are applicable.  Therefore, he is barred from obtaining any further relief in state court through a PCRA petition, and his claims set forth in Grounds 1, 2b (in part), 2c, 2d, 2e, 3, and 4 are procedurally defaulted.

In order for Rouzer to obtain review of the merits of his claims by this Court, he must show "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the default.  *See Edwards* , 529 U.S. at 451; *Wenger*, 266 F.3d at 223; *Lines*, 208 F.3d at 166.  In order "[t]o show cause, a petitioner must prove 'that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'"  *Sistrunk v. Vaughn,* 96 F.3d 666, 675 (3d Cir. 1996) (quoting *Murray,* 477 U.S. at 488).  In order to show actual prejudice, "the habeas petitioner must prove not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . . .  This standard essentially requires the petitioner to show he was denied 'fundamental fairness[.]'"  *Werts v. Vaughn,* 228 F.3d 178, 193 (3d Cir. 2000) (citations and some internal quotations omitted).  The second exception permits a federal court to address the merits of a procedurally

defaulted claim where the petitioner can establish a "miscarriage of justice." In *Werts,* the Court explained this exception as follows:

> if the petitioner fails to demonstrate cause and prejudice for the default, the federal habeas court may still review an otherwise procedurally defaulted claim upon a showing that failure to review the federal habeas claim will result in a 'miscarriage of justice.' Generally, this exception will apply only in extraordinary cases, *i.e.,* 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent....' *Murray,* 477 U.S. at 496. Thus, to establish a miscarriage of justice, the petitioner must prove that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 326, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

*Id.*

Rouzer fails to demonstrate cause or prejudice to excuse the default of his claims. In his reply, he argues that his trial counsel's ineffectiveness worked to his "actual and substantial disadvantage" such that it constitutes cause for his procedural default. (*See* Rec. Doc. No. 15 at 9-11.) He claims that if his trial counsel had not been ineffective, he may have prevailed on his motion to suppress his conviction and would have chosen to go to trial rather than enter a guilty plea. (*See id.*) He argues that the prejudice that arises from this ineffective assistance of counsel is "clearly established." (*See id.* at 11.) However, ineffective assistance of counsel is an independent constitutional claim and will not establish cause for procedural default of another claim unless the ineffective assistance of counsel claim was first raised in state court. *Edwards,* 529 U.S. at 451; *Lines,* 208 F.3d at 167. Rouzer exhibited his ability to raise ineffective assistance of

counsel claims in collateral proceedings when he raised such claims in his PCRA petitions. Because Rouzer has not demonstrated cause or prejudice, or that a fundamental miscarriage of justice would result if his claims are not reviewed, this Court cannot reach the merits of the issues raised in Grounds 1, 2 b (in part), 2c, 2d, 2e, 3, and 4.

## II.    Exhausted Issues- Grounds 2a and 2b (in part)                    A.

### Scope of Habeas Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised the standard of review for cases challenging state convictions pursuant to 28 U.S.C. § 2254. *Dickerson v. Vaughn*, 90 F.3d 87, 90 (3d Cir. 1996) (citing AEDPA). Section 2254(a) provides that the district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Exhausted claims that have been adjudicated on the merits by the state courts are subject to review under the standard of whether they are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2).

A state court decision is "contrary to" clearly established federal law if "the state

18

court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law, or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see Matteo v. Superintendent, SCI-Albion*, 171 F.3d 877, 891 (3d Cir. 1999) (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998) (for a decision to be "contrary to" federal law, "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court")).  In determining whether federal law is "clearly established," the focus is on the federal law clearly established at the time of the pertinent state court decision.  *See Greene v. Palakovich*, No. 07-2163, - - - F.3d - - - , 2010 WL 2134575 (3d Cir. May 28, 2010).

A state court decision represents an "unreasonable application of" Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Williams*, 529 U.S. at 407-08.  Thus, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.* at 411.

Pursuant to 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct.  *See supra* note 1.  A habeas petitioner must

rebut this presumption by clear and convincing evidence. *See* 28 U.S.C. §2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn,* 209 F.3d 280, 286 (3d Cir. 2000).

### B.    Analysis

Ground 2, sub-issue a, in which Rouzer alleges that his trial counsel was ineffective for failing to speak to exculpatory witnesses, and the portion of sub-issue b, in which he alleges that trial counsel was ineffective for failing to seek to disqualify the District Attorney, were raised in Rouzer's first PCRA petition and on appeal to the Pennsylvania Superior Court from the denial of that petition, and therefore are fully exhausted.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court articulated a two-prong test which must be satisfied for a petitioner to prevail on an ineffective assistance of counsel claim. The first prong requires a petitioner to demonstrate that his trial counsel's performance fell below an "objective standard of reasonableness." *Id.* at 688. Therefore, a convicted defendant asserting ineffective assistance of counsel must identify the acts or omissions that are alleged not to have been the result of reasoned professional judgment. *Id.* at 690. The reviewing court must then determine whether, in light of all circumstances, the identified acts or omissions were outside "the wide range

of professionally competent assistance." *Id.* There is a "strong presumption" that trial counsel's performance was reasonable and might be considered sound trial strategy. *Jermyn v. Horn,* 266 F.3d 257, 282 (3d Cir. 2001) (quoting *Berryman v. Morton,* 100 F.3d 1089, 1094 (3d Cir.1996)).

Under the second prong of *Strickland,* the defendant must establish that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. To establish this, the defendant must demonstrate that counsel's errors were so serious as to deprive the defendant of a fair trial or a trial whose result is reliable. *Id.* More specifically, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "Without proof of both deficient performance and prejudice to the defense . . . it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." *Bell v. Cone,* 535 U.S. 685, 695 (2002) (internal quotations and citation omitted). Where there is a reasonable basis for a tactical decision made by defense counsel, a finding of ineffective assistance cannot be reached. *See Burger v. Kemp,* 483 U.S. 776 (1987). "[S]ubstantial deference is to be accorded counsel's tactical decisions." *United States v. Wiener,* 127 F. Supp.2d 645, 648 (M.D. Pa.

2001).  Likewise, counsel cannot be deemed ineffective for pursuing a meritless claim.

*See Hartey v. Vaughn,* 186 F.3d 367, 372 (3d Cir.1999).  The review of ineffectiveness

claims is "doubly deferential when it is conducted through the lens of federal habeas."

*Yarborough v. Gentry*, 540 U.S. 1, 6 (2003).  A petitioner must show that the state court's

decision was objectively unreasonable.  *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

It is not enough to convince a federal habeas court that, in its independent judgment, the

state court erred in applying *Strickland*.  *Bell*, 535 U.S. at 698-99.

### 1.    Ground 2a: Ineffective Assistance of Counsel for Failure to Speak to Exculpatory Witnesses

In his first PCRA petition, Rouzer claimed that, had counsel interviewed four

available witnesses and received exculpatory information that could have been used at

trial, he would not have entered his *nolo contendere* plea.  (*See* Doc. 9 at 89, Rouzer's

Brief on Appeal to Pa. Super. Ct.)  In considering this claim, the PCRA Court first

applied the standard for analyzing claims of ineffective assistance of counsel for failure

to call a witness before applying the general standard for ineffectiveness claims in

Pennsylvania.  (Doc. 9 at 57-61, 7/29/04 PCRA Court Opinion.)  The PCRA Court

observed that, to demonstrate that counsel is ineffective for failing to call a witness, the

defendant must show the following:

> 1) the witness existed;
> 2) the witness was available to testify for the defense;
> 3) counsel knew or should have known of the existence of the

witness;

4) the witness was willing to testify for the defense; and

5) the absence of the witness was so prejudicial as to have denied [defendant] a fair trial.

(*Id.* at 57 (quoting *Commonwealth v. Halloway*, 739 A.2d 1039, 1048 (Pa. 1999) (citing *Commonwealth v. Henry*, 706 A.2d 313 (1997)).)  The PCRA Court applied these elements to Rouzer's case in the following discussion:

> To dispense with the easy points, the five witnesses listed by [Rouzer] did exist, they were, as far as it appears, able to testify for the defense, and they were willing to testify for the defense.  The question [then] becomes did counsel know or should [he] have known about these witnesses, and if the answer to that question is negative, did this omission so prejudice [Rouzer] so as to deny him a fair trial.  Our analysis begins on the assumption that trial counsel was effective and the defendant has the burden of proving otherwise.  Commonwealth v. Lopez, 559 Pa. 131, 739 A.2d 485 (1999).

> In the present case there is no concrete evidence that [trial counsel] knew about these witnesses or should have known about them. [Rouzer] directs the court's attention to [trial counsel's] testimony at the PCRA hearing. When asked if [Rouzer] gave him a list of potential witnesses before trial [trial counsel] responded: "I think he probably did because if a case is going to trial today, jury selection, I always ask the client to give me a list of the people that he thinks ought to be called, you know, for me to make a judgment on whether I'm going to call them or not but he may well have. I'm sure he did."  This list, however, does not survive.  There is no way to know, save the testimony of [Rouzer, who did not testify at the PCRA hearing], as to what names were on that list.  No evidence was presented to show that [trial counsel] knew or should have known of these witnesses, and since counsel is presumed effective, [Rouzer] has not carried his burden in proving ineffectiveness.

> There is actually testimony, taken at the PCRA hearing on March 16th, 2004, tending to show that the witnesses in question were not even interviewed until after sentencing.  Important to keep in mind is the

temporal sequence of the case. Charges were brought in 2001, [Rouzer] entered his plea on July 29th, 2002, and was sentenced shortly thereafter. Kelly Robinson, one of the potential witnesses for [Rouzer], learned about the charges against Mr. Rouzer in March of 2003, nearly a year after he was sentenced . . . Angela Mooneyhan was also not aware of the charges until about nine months prior to the PCRA hearing . . . Lastly, Lance Speigle was not asked to testify prior to the time [Rouzer] was sentenced . . . From the record and the testimony taken at the PCRA Hearing, [trial counsel] can certainly not be deemed ineffective for failure to call witnesses that he had no knowledge of. If [Rouzer] had given him a list with the above names on it, or had sought out their testimony, he certainly would not have waited almost two years after the charges were brought to ask for their help.

Assuming arguendo that counsel did know or should have known about these witnesses it is not clear that they would have helped him. Their potential testimony is couched in terms of omission; the girls never confided that there was any wrong-doing. This logic, to exculpate [Rouzer], would have to be founded on a belief that the girls should have confided in these people. Since this foundation is not solid, nothing can be read into the fact that they did not confide in the potential witnesses any details of sexual abuse. Even if [Rouzer could establish that counsel knew or should have known of these witnesses he cannot establish prejudice]. Having read the briefs and cases in support, the failure to call these witnesses was not so prejudicial as to cost defendant a fair trial.

(*Id.* at 57-59.)

The PCRA Court then considered whether trial counsel was ineffective for failing to call witnesses under the three-prong standard for reviewing ineffective assistance claims in Pennsylvania, as articulated in *Commonwealth v. Pierce*, 527 A.2d 973 (1987). Under this standard, a petitioner must demonstrate the following: (1) the underlying claim has no merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a

reasonable probability that the result of the proceeding would have been different absent such error. *Pierce*, 527 A.2d at 975.

The PCRA Court reached the following conclusion based on the application of the *Pierce* standard:

> The claim of ineffectiveness for failing to call the listed witnesses is similarly of no merit. There has been no evidence introduced tending to show that [trial counsel] knew or should have known of the witnesses mentioned in [Rouzer]'s brief. A list was conceded to have been given [to trial counsel], but the names on the list are not a matter of record. As such, the defense simply cannot show that [trial counsel] knew or should have known of these people, and thus there is no merit to the claim that he was ineffective for failing to summon people he cannot even be shown to have known about.

(Doc. 9 at 61.)

On direct appeal, the Pennsylvania Superior Court reiterated the general standard for obtaining relief on an ineffectiveness claim in Pennsylvania. (*See id.* at 65, 11/10/05 Pa. Super. Ct. Opinion.) The Court then applied the same standard as applied by the PCRA Court in deciding whether a petitioner has demonstrated that trial counsel was ineffective for failing to call witnesses.[12] (*See id.* at 66-67.) The Court recited the above reasoning from the PCRA Court opinion, and then concluded as follows:

> Our review of the notes of testimony from the evidentiary hearings amply

---

[12]Although the Pennsylvania Superior Court applied the same standard, the Court did not cite the *Halloway* case cited by the PCRA Court, but rather cited *Commonwealth v. Purcell*, 724 A.2d 293, 306 (Pa. 1999). *Purcell* contains a slightly different statement of the standard than *Halloway*, but is substantively the same. (*See* Doc. 9 at 66-67, 11/10/05 Pa. Super. Ct. Opinion.)

supports the trial court's conclusions. In addition, we note that [Rouzer] cannot establish the requisite prejudice because he gave the police a full confession, which he was unsuccessful in seeking to suppress, that established his guilt of the crimes charged. We therefore conclude that [Rouzer] is entitled to no relief on his first claim of ineffectiveness.

(*Id.* at 68-69.)

At the time Pennsylvania courts reviewed the two exhausted ineffective assistance of counsel claims raised by Rouzer in the instant case, the "clearly established law" for analyzing ineffective assistance of counsel claims was set forth in *Strickland*. Although Pennsylvania courts apply a three-prong test in analyzing ineffective assistance claims, and in fact applied that test in evaluating Rouzer's claims as set forth above, the Third Circuit Court of Appeals has held that Pennsylvania's standard for evaluating ineffective assistance claims is not contrary to *Strickland*. *See Jacobs v. Horn*, 395 F.3d 92, 106 n.9 (3d Cir. 2005) (citing *Werts*, 220 F.3d at 204) (holding Pennsylvania's three-prong test does not contradict the two-prong test set forth in *Strickland*, and thus is not contrary to established Supreme Court precedent).

In this case, the Pennsylvania Superior Court's decision was neither contrary to, nor an unreasonable application of, *Strickland*. Because there was no evidence at the PCRA hearing that demonstrated that Rouzer's trial counsel knew or should have known of the three exculpatory witnesses, there was no basis to find that counsel was ineffective for failing to interview them. To the contrary, as set forth above in the recitation of the

26

PCRA Court's Opinion, the testimony of these three witnesses showed that they did not even know about the charges against Rouzer until *after* he was sentenced, and therefore, there is no basis for finding Rouzer's counsel ineffective for failing to interview individuals who would not necessarily have been willing to testify on Rouzer's behalf.

Moreover, the Pennsylvania Superior Court's determination that Rouzer could not establish the requisite prejudice in light of the fact that he had given a full confession establishing his guilt of the crimes charged is not contrary to, or an unreasonable application of, *Strickland*. In other words, having given a full confession that he was unsuccessful in seeking to suppress, Rouzer could not show that, but for an alleged error by his trial counsel in failing to interview witnesses, the result of the proceedings would have been different. *See Strickland*, 466 U.S. at 694. Accordingly, the Superior Court's determination that the instant claim had no merit is not contrary to, or an unreasonable application of, the law.

### 2. Ground 2b (in part): Ineffective Assistance of Counsel for Failure to File Motion to Disqualify District Attorney

In his first PCRA petition, and on appeal from the denial of that petition, Rouzer claimed that his trial counsel was ineffective for failing to file a motion to recuse District Attorney Harvey from prosecuting Rouzer's case because he previously had acted as opposing counsel in a land dispute to which Rouzer's parents were parties. (*See* Doc. 9 at 91-92, Rouzer's Brief on Appeal.) Rouzer asserted that, "[d]ue to the possibility that

an actual conflict of interest existed and/or that Mr. Harvey possibly had animosity toward Mr. Rouzer as a result of said civil case," his trial counsel should have moved for Harvey's disqualification from the case.  (*See id.* at 92.)

In considering this claim, the PCRA Court reiterated the holding of the Pennsylvania Supreme Court in *Commonwealth v. Eskridge*, 604 A.2d 700 (Pa. 1992), that "a prosecution is barred when an actual conflict of interest affecting the prosecutor exists in the case; under such circumstances a defendant need not prove actual prejudice in order to require that the conflict be removed."  (*See* Doc. 9 at 55, 7/29/04 PCRA Court Opinion (citing 604 A.2d at 702).)  The PCRA Court also noted the *Eskridge* Court's finding that a conflict may be directly financial, as when a prosecutor has a direct financial interest in the outcome of a prosecution, or more discreet, as when a prosecutor has a non-economic, personal interest in the matter.  (*See id.* at 55-56 & n.4, n.5 (citing *Commonwealth v. Lutes,* 793 A.2d 949, 956 (Pa. Super. 2002); *Commonwealth v. Balenger*, 704 A.2d 1385 (Pa. Super. 1997)).)  The PCRA Court observed that, if an actual conflict is found to exist, pursuant to the Commonwealth Attorneys Act, the Attorney General shall take over the prosecution, and the district attorney shall be excused from the case.  (*See id.* at 56 (citing 71 P.S. § 732-205(a)(3)[13].)  The PCRA Court

---

[13]The relevant provision provides as follows: **(a) Prosecutions. - -** The Attorney General shall have the power to prosecute in any county criminal court the following cases: . . . (3) Upon the request of a district attorney who lacks the resources to conduct an adequate investigation or the

(continued...)

provided the following analysis of Rouzer's claim:

> We must begin with the fact that allegations of a conflict of interest are not in themselves sufficient to require disqualification of the district attorney. *See* Commonwealth v. Stafford, 749 A.2d 489 (Pa. Super. 2000). The record must be clear that a conflict existed, even if there was not actual prejudice concerning the defendant, [and in] this case we can see no economic or financial conflict. The present case is distinguishable from Eskridge. In that case a conflict existed because of the direct financial benefit the district attorney would receive from the successful prosecution of the defendant. In the present case the district attorney stood to gain nothing but the satisfaction of a job fulfilled. Such cannot be the basis for a conflict. The conflict, if it exists, must be more discreet. [Rouzer] contends as much when he opines that litigation with [his] father over the years had created a bias on the part of the district attorney toward [Rouzer]. The record, and the prior cases in question, simply do not lend truth to this bare assertion. The civil case in question was decided nine months before the present case. There is certainly no direct conflict. Further, the district attorney, acting in his private capacity, had won that case for his side. The seed of any bias is thus difficult to find.

> Having searched the record and the relevant case law, there is no evidence that there existed an actual, financial, or other conflict of interest that would require the district attorney to excuse himself and ask the attorney general to take over the prosecution. Because this is so, counsel was not ineffective for failing to move for the disqualification of the district attorney.

(*See id.* at 56-57.)

In reviewing the PCRA Court's denial of this claim on appeal, the Pennsylvania

Superior Court first observed that, absent an abuse of discretion, it is constrained to

---

[13](...continued)
prosecution of the criminal case or matter or who represents that there is the potential for an actual or apparent conflict of interest on the part of the district attorney or his office. 71 P.S. § 732-205(a)(3).

accept the trial court's finding that there was no conflict of interest.  (*See id.* At 69-70 (quoting *Stafford*, 749 A.2d at 494 (Pa. Super. 2000).)  The Court then quoted the PCRA Court's discussion in disposing of this claim (as set forth above), and determined that the PCRA Court's findings and conclusion on this issue were amply supported by the record. (*See id.* at 70-71.)  The Court added only that "[m]ere animosity, even [if it] existed, is not sufficient by itself to require replacement of a prosecutor."  (*See id.* at 71 (citing *Stafford*, 749 A.2d at 495).)  The Court therefore concluded that Rouzer's claim lacked arguable merit.  (*See id.*)

The Pennsylvania Superior Court's decision on this second exhausted claim by Rouzer was neither contrary to, nor an unreasonable application of, *Strickland*.  Simply stated, as found by the state courts, there was absolutely no evidence on the record that a conflict of interest existed that would have required the district attorney to remove himself from prosecuting Rouzer's case, and therefore, no basis existed to find that Rouzer's counsel was ineffective for failing to move for the district attorney's recusal. As observed by the trial court, the basis for any bias is difficult to find where the district attorney won the case for his clients, who were on the opposite side of a land dispute involving Rouzer's parents.  Where Rouzer cannot show that his trial counsel's performance was deficient in this regard, he also cannot establish the second *Strickland* prong that he was prejudiced by his trial counsel's performance. *See Strickland*, 466 U.S.

at 687. Consequently, the Pennsylvania Superior Court's determination that this second claim of ineffectiveness by Rouzer lacked arguable merit is not contrary to, or an unreasonable application of, the law.

**CONCLUSION**

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Doc. 1-2) will be denied. We also will deny a certificate of appealability based on the reasoning in this Memorandum. However, Petitioner is advised that he has the right for thirty (30) days to appeal our Order denying his Petition, *see* Federal Rule of Appellate Procedure 4, and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability from the court of appeals, *see* 28 U.S.C. § 2253. An appropriate Order will enter.